**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| WILLIAM MCDEVITT, as he is ) <br> ADMINISTRATOR, PAINTERS AND ALLIED ) <br> TRADES DISTRICT COUNCIL No. 35 TRUST ) <br> FUND, ) <br>     Plaintiff ) <br> ) <br> v. ) <br> ) <br> SUNTECH OF CONNECTICUT, INC., ) <br>     Defendant and Third Party Plaintiff ) <br> ) <br> v. ) <br> ) <br> GILBANE BUILDING COMPANY, ) <br>     Third Party Defendant ) <br> ) | C.A. No. 13-cv-11749NMG |

**THIRD PARTY COMPLAINT**
**(Fed. R. Civ. P. 14)**

**FACTS**

1. The Defendant and Third Party Plaintiff, Suntech of Connecticut, Inc. ("Suntech"), is a corporation organized and existing under the laws of the State of Connecticut, with a usual place of business in North Branford, Connecticut.

2. The Third Party Defendant, Gilbane Building Company ("Gilbane"), is a corporation organized and existing under the laws of the State of Rhode Island, with a usual place of business in Providence, Rhode Island.

3. On or about July 12, 2010, Suntech and Gilbane entered into a written contract (the "Contract") wherein Suntech agreed to perform certain construction work on a Recreation Center owned by Worcester Polytechnic Institute in Worcester, Massachusetts (the,

"Project").

4. On or about August 3, 2012 Gilbane issued a default notice under Article 9, paragraph 9.4 of the Contract alleging that Suntech failed to provide labor, material and equipment to perform the work.

5. Subsequently, through the exchange of email communications, Suntech and Gilbane entered into an agreement wherein Gilbane promised to fund or reimburse the costs incurred by Suntech to complete the work required under the Contract (the "Completion Agreement").

6. In reliance upon the Completion Agreement Suntech did, in fact, complete the work under the Contract in a good and workmanlike manner.

7. However, although Gilbane did make payments to, or on behalf of Suntech, while the work was ongoing, once the work under the Contract was complete, Gilbane ceased making the payments as promised in the Completion Agreement.

8. Among the payments that Gilbane failed to make pursuant to the Completion Agreement were payments to the Painters and Allied Trades District Council No. 35 Trust Fund.

## COUNT I
### (Breach of Contract)

9. Suntech incorporates paragraphs one through eight above as if fully restated herein.

10. The failure of Gilbane to make payments to the Painters and Allied Trades District Council No. 35 Trust Fund as promised pursuant to the Completion Agreement is a breach of contract.

11. Suntech has been damaged by said breach of contract.

## COUNT II
### (Breach of Covenant of Good Faith and Fair Dealing)

12. Suntech incorporates paragraphs one through eleven above as if fully restated herein.

13. By its conduct, Gilbane breached the covenant of good faith and fair dealing.

14. As a direct and proximate result of Gilbane's failure to exercise good faith and fair dealing, Suntech has been damaged.

## COUNT III
### (Misrepresentation)

15. Suntech incorporates paragraphs one through fourteen above as if fully restated herein.

16. By entering into the Completion Agreement with Suntech, Gilbane represented to Suntech that it would fund the completion of the work under the Contract.

17. Gilbane failed to honor that representation and as a result thereof, Suntech has been damaged.

## COUNT IV
### (Indemnification)

18. Suntech incorporates paragraphs one through seventeen above as if fully restated herein.

19. By entering into the Completion Agreement with Suntech, Gilbane promised Suntech that it would fund the completion of the work under the Contract, including but not limited to, Suntech's obligations to the Painters and Allied Trades District Council No. 35 Trust Fund.

20. To the extent that Suntech is obligated to the Painters and Allied Trades District Council No. 35 Trust Fund, Gilbane is obligated to indemnify Suntech.

WHEREFORE, the Third Party Plaintiff, Suntech of Connecticut, Inc., demands judgment enter against the Third Party Defendant, Gilbane Building Company, in an amount to be determined at trial and such other relief as this Court may deem appropriate.

## JURY DEMAND

The Third Party Plaintiff, Suntech of Connecticut, Inc., demands trial by jury.

                                        **Suntech of Connecticut, Inc.**
                                        By its attorneys,

                                        s/ John S. Davagian, II
                                        John S. Davagian, II
                                        BBO #114740
                                        Davagian & Associates
                                        365 Boston Post Road, Suite 200
                                        Sudbury, MA  01776
                                        978-443-3773
                                        jsdavagian@jsdlawgroup.com

Date: September 5, 2013

## CERTIFICATE OF SERVICE

     I, John S. Davagian, II, hereby certify that on September 5, 2013 I served a copy of the foregoing document upon all counsel of record by electronic mail.

                                          /s/ John S. Davagian, II
                                          John S. Davagian, II, Esq.